

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01409 (TSE/IDD) |
| ) | |
| CONSTANTIN KOTZEV, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the United States of America's ("Plaintiff's" or "United States'") Motion for Entry of Default Judgment against Constantin Kotzev ("Kotzev") and PNC Bank (collectively referred to as "Defendants"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. No. 25. After a licensed attorney for Defendants failed to appear at the hearing on May 3, 2019, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, the supporting affidavits and documentation thereto, and relevant portions of the underlying record, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be **GRANTED in part and DENIED in part**.

### I. INTRODUCTION

On November 14, 2018, Plaintiff filed a Complaint against Defendants to enforce its judgment lien against real properties located at 3800 Fairfax Drive, Unit 1505, Arlington, Virginia 22203 ("Real Property") and 3800 Fairfax Drive, Unit P3-51, Arlington, Virginia 22203 ("Parking Space"), (collectively, "the properties"). Compl. ¶¶ 14-15. As to Count I of the Complaint, Plaintiff requests that the Court order and adjudge that (1) Angelika Chyla and George Chyla are nominees

of Defendant Kotzev and that Plaintiff's judgment lien attaches to the Real Property and the Parking Space, and (2) that the Real Property and the Parking Space be sold with the net proceeds distributed to Plaintiff to be applied to Defendant Kotzev's penalties for failure to disclose foreign bank accounts.[1] *Id.* ¶¶ 43(A)-(B). As to Count II of the Complaint, Plaintiff requests in the alternative that (1) the Court set aside the transfer of the Real Property and the Parking Space from Defendant Kotzev to Angelika Chyla and George Chyla as fraudulent, and (2) that the Real Property and the Parking Space be sold with the net proceeds distributed to Plaintiff to be applied to Defendant Kotzev's penalties for failure to disclose foreign bank accounts. *Id.* ¶¶ 43(C)-(D). Additionally, Plaintiff requests that the Court award Plaintiff a 10% surcharge authorized under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3011, and that the Court award costs of this action and any further relief that is deemed just and proper. *Id.* ¶¶ 43(E)-(F) After Defendants failed to respond or appear at any proceedings, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.[2]

### A. Subject Matter Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1345, and 3201(f) because this matter arises under federal debt

---

[1] Angelika Chyla and George Chyla are named defendants because Plaintiff alleges that they may claim an interest in the properties that are the subject of this civil action. Compl. ¶¶ 5-6. It is alleged that Defendant Kotzev transferred the Real Property and the Parking Space to Angelika Chyla and George Chyla through deeds of gift. *Id.* ¶ 15. However, Angelika Chyla and George Chyla reside in Poland and have not been served. Mem. in Supp. of Mot. for Entry of Default J. at 1, 9. Plaintiff's Motion for Entry of Default Judgment does not seek default judgment against Angelika Chyla and George Chyla.

[2] On June 4, 2019, Counsel for Defendant Kotzev filed a letter with the subject "*Frow v. De La* Vega and Other Binding Authorities for Motion Filed in *United States v.* Kotzev, 1:18-cv-01409-TSE-IDD." Dkt. No. 31. The letter states that Defendant Kotzev is not contesting entry of default against him. The letter also states that there is binding authority that is inconsistent with the relief Plaintiff requests. After reviewing the cases defense counsel cites, the undersigned finds that the cases cited are inapplicable to the facts at issue here. Defense counsel's cases concern joint and or several liability as well as similarly situated defendants, and this case does not. Further, defense counsel's letter is not an answer to the Complaint, nor does it indicate that an answer will be filed to the Complaint.

collection procedures and was commenced by the United States. In this action, the United States is the plaintiff seeking a judgment lien on the properties, so this Court also has subject matter jurisdiction under 28 U.S.C. § 1355(a). Venue is also appropriate in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the properties that are the subject of this action are located in Arlington, Virginia, which is within this judicial district. Compl. ¶¶ 2, 14-15. Accordingly, the undersigned recommends a finding that subject matter jurisdiction and venue are proper.

### B. Personal Jurisdiction and Service of Process

Rule 4(k)(1)(A) provides that service of a summons or waiver of service is sufficient to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Further, because this is a federal question case, a court has personal jurisdiction over a defendant when the defendant has been served process according to law and the exercise of jurisdiction is consistent with Due Process. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-105 (1987) (noting that "a federal court normally looks either to a federal statute or to the long-arm statute of the state in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction."). Further, Virginia courts have personal jurisdiction when the defendant is served with process in Virginia. *Blackson v. Blackson*, 579 S.E.2d 704, 711 (Va. App. 2003); *Ragouzis v. Ragouzis*, 391 S.E.2d 607, 608 (Va. App. 1990).

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve a defendant properly under federal or state law, a court lacks personal jurisdiction and may not enter default judgment against the defendant. *Omni Capital Int'l, Ltd.*, 484 U.S. 97 at 104; *Cent. Operating Co. v. Util.*

*Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing the district court's decision to enter default judgment against a non-resident defendant because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint). Under Rule 4(e)(1), an individual may be served by following state law where the district court is located. FED. R. CIV. P. 4(e)(1). Virginia law provides that one of the ways that process may be served on a natural person is by posting a copy on the front door of the defendant's usual place of abode. Va. Code § 8.01–296(2)(b).

The undersigned finds that personal jurisdiction exists as to Defendant Kotzev but not as to Defendant PNC Bank for the following reasons. The Complaint alleges that Defendant Kotzev is a resident of Arlington, Virginia. Compl. ¶ 4. Since Defendant Kotzev resides in this judicial district, he is subject to this Court's personal jurisdiction. *See* FED. R. CIV. P. 4(k)(1)(A). Regarding service on Defendant Kotzev, the Proof of Service states that on February 27, 2019, the summons and attachments were posted to the apartment door located at 3800 Fairfax Drive, Apartment 1505, Arlington, Virginia 22203, and that the same documents were mailed through first class mail on February 27, 2019. Proof of Service at 2, Dkt. No. 12. The summons and attachments were posted to Defendant Kotzev's apartment door after multiple failed attempts by the Process Server to serve Defendant personally at the address above. *See Id.* at 1. It appears that Defendant Kotzev evaded service based on the statements in the Affidavit of Due Diligence, Non-Service, Evasion & Posting ("Affidavit"). *Id.* The Affidavit states that on December 10, 2018, the Process Server attempted service at 3800 Fairfax Drive, Apartment 1505, Arlington, Virginia 22203, and was told by the concierge that the occupants of that apartment were listed as out of the country until December 20, 2018. *Id.* The Process Server attempted service again on December 27, 2018, to the same address and received no answer but was able to contact

4

Defendant Kotzev by cell phone before Defendant Kotzev hung up. *Id.* Before the summons and attachments were posted to Defendant Kotzev's door, service was attempted two more times at the same residence on December 29, 2018, and February 11, 2019. *Id.* The Process Server noted that on February 11, 2019, an individual came to the door after the Process Server knocked but that individual refused to answer. *Id.* Therefore, the undersigned recommends a finding that Plaintiff properly served Defendant Kotzev pursuant to Rule 4(e)(1) and Va. Code § 8.01–296(2)(b) by posting a copy of the summons to the front door and that this Court has personal jurisdiction over Defendant Kotzev.

However, the undersigned finds that personal jurisdiction does not exist as to Defendant PNC Bank because service on Defendant PNC Bank was improper. Under Virginia Code, courts have personal jurisdiction where a defendant has an interest in real property. Va. Code Ann. § 8.01-328.1(A)(6). However, a defendant must be properly served in order for the courts to exercise personal jurisdiction over them. Rule 4(h)(1)(B) allows a party to serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). Section 13.1-766 of the Virginia Code sets forth the procedures for service of process on foreign corporations like PNC Bank, and designates the foreign corporation's registered agent as the "agent . . . upon whom any process, notice, order, or demand required or permitted by law to be served upon the corporation may be served." Va. Code § 13.1-766(A).[3]

---

[3] Foreign corporation is defined as "a corporation authorized by law to issue shares, organized under laws other than the laws of the Commonwealth." Va. Code § 13.1-603. PNC Bank is incorporated under Pennsylvania Business Corporation Law. *See* Amend. No. 1 to PNC's Amended and Restated Articles of Incorp., https://www.sec.gov/Archives/edgar/data/713676/000119312507066637/dex33.htm.

The undersigned finds that although Defendant PNC Bank may have an interest in the properties, service on Defendant PNC Bank's agent did not occur. *See* Compl. ¶ 7, 14-15, 26, 43. Plaintiff states that they served Defendant PNC Bank by "delivering a copy of the summons and complaint to the head teller at a branch of PNC Bank." Mot. for Entry of Default J - Supplemental Br. at 2 n.2, Dkt. No. 30. Plaintiff claims that this method of service was made pursuant to instructions provided by the PNC Bank Escalation Group when Plaintiff called the number listed on PNC Bank's website to inquire about a registered agent. *Id.*; Mem. in Supp. of Mot. for Entry of Default J. at 2-3, Dkt. No. 26. Additionally, Plaintiff claims that they sent a copy of the Complaint and supporting documents to two of PNC Bank's fax numbers and three of PNC Bank's additional addresses on May 2, 2019. Mot. for Entry of Default J - Supplemental Br. at 2 n.2. The Proof of Service shows that on February 11, 2019, Alfroza Begum, a teller lead, was served on behalf of PNC Bank. Proof of Service, Dkt. No. 11. The Proof of Service does not list the address of the PNC Bank branch nor does it indicate that Alfroza Begum is a registered agent of PNC Bank. *See id.* Further, Plaintiff does not cite to any statute or case law to support their position that PNC Bank was properly served. In addition, it appears the United States failed to even follow the instructions of PNC Bank by failing to serve "anyone of authority." The United States simply served a head teller, and they provide no factual or legal basis to show that a head teller is "anyone of authority." Therefore, the undersigned recommends a finding that Plaintiff did not properly serve PNC Bank and that default judgment should be denied as to Defendant PNC Bank on all counts. Accordingly, the remainder of this Report and Recommendation will only address Plaintiff's Motion for Default Judgment against Defendant Kotzev.

The Court also notes that Angelika Chyla and George Chyla are named defendants because Plaintiff alleges that both may claim an interest in the properties that are the subject of this civil action. Compl. ¶¶ 5-6. It is alleged that Defendant Kotzev transferred the Real Property and the Parking Space to Angelika Chyla and George Chyla through deeds of gift. *Id.* ¶ 15. However, Angelika Chyla and George Chyla reside in Poland and have not been served. Mem. in Supp. of Mot. for Entry of Default J. at 1, 9; Dkt. Nos. 32-39. While Plaintiff has not requested entry of default as to Angelika Chyla and George Chyla, the undersigned finds it appropriate to include them in the discussion of default judgment against Defendant Kotzev since Angelika Chyla and George Chyla may hold legal title to the properties. Without proper service on Angelika Chyla and George Chyla, they would have no opportunity to challenge title to the properties that Plaintiff seeks to foreclose.

### C. Grounds for Default

On September 14, 2018, Plaintiff filed the Complaint against Defendants for enforcing a judgment lien against properties held by Defendant Kotzev's nominees. Dkt. No. 1. Plaintiff alleges that Angelika Chyla and George Chyla are nominees of Defendant Kotzev as well as the niece and nephew of Defendant Kotzev. Compl. ¶¶ 23-24. After Defendants failed to respond, on March 25, 2019, Plaintiff requested entry of default. Dkt. No. 13. The Clerk entered default against Defendants on March 27, 2019. Dkt. No. 16. On April 15, 2019, Plaintiff filed this Motion for Default Judgment as to Defendants (Dkt. No. 25), and the Court held a hearing on the matter on May 3, 2019.[4] Dkt. No. 29. After Defendants failed to appear at the May 3, 2019

---

[4] At the May 3, 2019 hearing, the undersigned asked Plaintiff to supplement their memorandum in support of default judgment given the attempts to serve Angelika Chyla and George Chyla. Plaintiff filed notices with the Court near the first of the month from July 2019 through present, updating the Court on whether Angelika Chyla and George Chyla had been served. *See* Dkt. Nos. 32-39. To avoid a potential inconsistent judgment among necessary parties, the Court thought it best to wait and see if the Chylas were served. *See Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918-19 (4th Cir. 1999) (holding that continuing without the necessary party is impermissible because permitting the suit to proceed without unjoined parties could subject a joined party to

hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default judgment has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a

---

conflicting legal obligations). After several months of failure to effect service, the undersigned proceeded with issuing this Report and Recommendation.

8

plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 663-64).

### III. FINDINGS OF FACT

The undersigned makes the following findings of fact based on the Complaint, the Motion for Default Judgment, the memoranda in support thereof, as well as affidavits.

There are two properties in controversy. The first property is named the Real Property and is located at 3800 Fairfax Drive, Unit 1505, Arlington, Virginia 22203. The second property is named the Parking Space and is located at 3800 Fairfax Drive, Unit P3-51, Arlington, Virginia 22203. Compl. ¶¶ 14-15. According to a copy of the deed attached to the Complaint, on December 6, 2013, Defendant Kotzev transferred, or conveyed, Apartment Unit 15-D of the Tower Villas and Parking Unit P3-51 of the Tower Villas to Angelika Chyla and George Chyla.[5] *See* Compl., Exs. C-D, Dkt. Nos. 1-4, 1-5. This transfer took place after the Internal Revenue Service ("IRS") opened an audit of Defendant Kotzev's income tax return in 2012. *See* Report and Recommendation 1:17-cv-00818, Dkt. No. 17 at 4. Angelika Chyla and George Chyla have

---

[5] In the body of the deed dated December 6, 2013, it states that Defendant Kotzev conveys "Apartment Unit 15-D, TOWER VILLAS," to Angelika Chyla and George Chyla, yet the Complaint states that "Unit 1505" is the Real Property at issue. The Court contacted Plaintiff to clarify the discrepancy between the two addresses as it related to the Real Property. Plaintiff filed a notice stating that based on information retrieved from the Arlington County website, the legal address for the Real Property is "Unit 15-D Tower Villas, but the mailing address for the [real] property is Unit 1505." Notice Clarifying Property Address, Dkt, No. 40. Accordingly, the undersigned finds that Plaintiff has proven that "Apartment Unit 15-D Tower Villas" and "Unit 1505" are the same address, and that the apartment unit listed in the December 6, 2013 deed reflects the Real Property at issue.

not been served in this action. *See* Mem. in Supp. of Mot. for Entry of Default J. at 1, 9, Dkt. No. 26; Dkt. Nos. 32-39.

On March 30, 2016, a delegate of the Secretary of the Treasury assessed civil penalties against Defendant Kotzev under 31 U.S.C. § 5321(a)(5) in the total amount of $1,214,323 in accordance with the table below. Compl. ¶ 8.

| Tax Year | Penalty |
|---|---|
| 2008 | $253,162.00 |
| 2009 | $221,571.00 |
| 2010 | $257,984.00 |
| 2011 | $234,669.00 |
| 2012 | $246,937.00 |
| Total Penalty | $1,214,323.00 |

On July 20, 2017, the United States filed a complaint seeking to reduce the penalty assessment to judgment. *Id.* at 10.[6] On December 28, 2017, this Court entered judgment in favor of the United States and against Defendant Kotzev in the total amount of $1,297,695.43 plus statutory interest accrued since March 23, 2017. *Id.* at 11; Order in 1:17-cv-00818, Dkt. No. 18. Defendant Kotzev made one payment of approximately $107,000 but failed to pay the remainder of the judgment against him. Compl. ¶ 12. Plaintiff filed an abstract of the December 28, 2017 judgment with Arlington County Circuit Court on April 19, 2018. *Id.* ¶ 13. When Plaintiff recorded its abstract judgment, a judgment lien arose and attached to all real property owned by Defendant Kotzev and held by his nominees. *Id.* ¶¶ 25, 42.

---

[6] *See United States v. Constantin Kotzev*, No. 1:17-cv-00818, Dkt. No. 1 (E.D. Va.).

10

## IV. DISCUSSION

### A. Enforcement of Judgment Lien

Plaintiff named Defendants in the Complaint, pursuant to 28 U.S.C. § 3201(f), because they may have an interest in the Real Property and the Parking Space. Compl. ¶¶ 7, 15-16, 18-22, 25, 35-42. As to Count I, Plaintiff seeks a judgment from the Court of the following: that Angelika Chyla and George Chyla are nominees of Defendant Kotzev; that Plaintiff's judgment lien attaches to the Real Property and the Parking Space; and that the Real Property and the Parking Space be sold and the net proceeds distributed to Plaintiff to be applied to Defendant Kotzev's penalties. *Id.* ¶¶ 43 (A)-(B). In the alternative, which is stated in Count II, Plaintiff seeks judgment from the Court of the following: that the Court set aside the transfer of the Real Property and Parking Space from Defendant Kotzev to Angelika Chyla and George Chyla as fraudulent; and that the Real Property and the Parking Space be sold and the net proceeds distributed to Plaintiff to be applied to Defendant Kotzev's penalties. *Id.* ¶¶ 43 (C)-(D). Additionally, Plaintiff seeks a 10% surcharge under the Federal Debt Collection Procedures Act and costs of this action. *Id.* ¶¶ 43 (E)-(F).

### i. Count I

Under Count I, Plaintiff seeks judgment from this Court that Angelika Chyla and George Chyla are nominees of Defendant Kotzev; that Plaintiff's judgment lien attaches to the Real Property and the Parking Space; and that the Real Property and the Parking Space be sold and the net proceeds distributed to Plaintiff to be applied to Defendant Kotzev's penalties. For the following reasons, the undersigned recommends a finding that entry of default judgment as to Defendant Kotzev on Count I is proper and the Court order the United States to sell the

properties pursuant to 28 U.S.C. § 3201(f). The Court's judgment should also preclude Defendant Kotzev from opposing the relief requested by the United States.[7]

If a taxpayer refuses or neglects to pay taxes after a demand, a lien arises in favor of the United States "upon all property and rights to property, whether real or personal." 26 U.S.C. § 6321. Under § 6322, a lien continues until the underlying liability is satisfied or becomes unenforceable due to lapse of time. *Id.* § 6322. While a lean under § 6321 "'cannot extend beyond the property interests held by the delinquent taxpayer,' . . . vesting formal title to a taxpayer's property in the taxpayer's alter ego or nominee will not place the property outside the reach of a § 6321 lien." *Cody v. United States*, 348 F. Supp. 2d 682, 694 (E.D. Va. 2004) (quoting *United States v. Rodgers*, 461 U.S. 677, 690-91, 103 (1983).

The United States brought this action under 28 U.S.C. § 3201(f). Under that section, "the court may order the United States to sell, in accordance with sections 2001 and 2002, any real property subject to a judgment lien." 28 U.S.C. § 3201(f). Here, the United States established a claim to the Real Property and the Parking Space by virtue of its judgment in *United States v. Constantin Kotzev*, 1:17-cv-00818, and the associated judgment lien recorded on April 19, 2018 when they filed their abstract judgment with Arlington County Circuit Court. Thus, the undersigned finds that if Angelika Chyla and George Chyla hold title to the Real Property and the Parking Space as Defendant Kotzev's nominees, the properties are within the reach of a § 6321 lien.

Generally, state law governs whether property is held by a taxpayer's nominee. *Cody*, 348 F. Supp. 2d 682 at 694. When the government asserts a nominee lien against property held

---

[7] The United States also requests that the judgment find that PNC Bank does not have an interest in the properties. However, the undersigned recommends that the Court deny that request because PNC Bank was not properly served and based on the provisions of 28 U.S.C. §§ 2001 and 2002, PNC Bank may have certain procedural rights to assert an interest in the properties, and the United States' interest in the properties has priority over other liens.

by a natural person, courts determine whether the property is held by a nominee based on some or all of the following factors:

> (1) whether the taxpayer expended personal funds for the property; (2) whether inadequate or no consideration was paid by the alleged nominee; (3) whether the property was placed in the alleged nominee's name in anticipation of a lawsuit or other liability; (4) whether the taxpayer enjoys the benefits of, retains possession of, and exercises dominion and control over the property; (5) whether a close family relationship exists between the taxpayer and the alleged nominee; (6) whether conveyances between the taxpayer and alleged nominee were recorded; and (7) whether the alleged nominee interferes with the taxpayer's use of the property.

*Id.* at 694-95.

The undersigned finds that under *Cody*, Angelika Chyla and George Chyla are nominees of Defendant Kotzev based on the following. Factor one is met because copies of the properties' deeds show that Defendant Kotzev, taxpayer, expended personal funds for the properties. Specifically, a deed reflects that Defendant Kotzev paid $146,500 towards the purchase of the Real Property on December 18, 1998. Compl., Ex. A, Dkt. No. 1-2. Another deed dated June 17, 1999, shows that Defendant Kotzev paid $8,900 for the Parking Space. *Id.*, Ex. B, Dkt. No. 1-3. Factor two is met because unlike the deeds dated December 18, 1998 and June 17, 1999, the deeds of gift between Defendant Kotzev and Angelika Chyla and George Chyla, only show that $10 was paid for the Real Property and the Parking Space, respectively. *Id.*, Ex. C-D Dkt. Nos. 1-4, 1-5. No other consideration amount is stated on the left side of the deed, unlike the 1998 and 1999 deeds for the same properties. There is a great disparity between the $10 purchase and the $146,500 purchase for the Real Property, which is a condominium, and the $10 purchase versus the $8,900 purchase for the Parking Space. Thus, the undersigned concludes that inadequate consideration was paid for the properties by the alleged nominees. Therefore, the undersigned finds that factors one and two are met under *Cody*.

As to factor three, the IRS began its audit of Defendant Kotzev in 2012. In October of 2012, they sent a letter to Defendant Kotzev indicating that they had information that he had foreign accounts, and in February 2013, the IRS issued a summons requiring Defendant Kotzev to produce foreign bank account records, to which Defendant Kotzev responded. Compl. ¶¶ 30-31. Then ten months later, in December 2013, Defendant Kotzev transferred the Real Property and the Parking Space to Angelika Chyla and George Chyla. The undersigned finds it reasonable to conclude based on the record and the time frame between the IRS summons and Defendant Kotzev's transfer to Angelika Chyla and George Chyla, that Defendant Kotzev placed the properties in the nominees' names in anticipation of liability.

Regarding factor four, the Complaint states that Defendant Kotzev maintained possession and control over the Real Property and the Parking Space after the December 2013 transfer to Angelika Chyla and George Chyla. *Id.* ¶ 36. In furtherance of this point, after the transfer, the deed of trust remained in Defendant Kotzev's name and PNC Bank continued to issue 1098 forms to Defendant Kotzev for mortgage interest he paid. *Id.* ¶ 37. As to factor five, there is a family relationship between Defendant Kotzev and Angelika Chyla and George Chyla because Angelika Chyla and George Chyla are the niece and nephew of Defendant Kotzev. Accordingly, the undersigned finds that factors three, four, and five are met because Defendant Kotzev transferred the properties in anticipation of liability from the IRS to his niece and nephew, Angelika Chyla and George Chyla, Defendant Kotzev continues to reside at and use the properties, and a familial relationship exists between Defendant Kotzev, Angelika Chyla, and George Chyla.

Under factor six, the conveyance between Defendant Kotzev and Angelika Chyla and George Chyla was recorded as shown in Exhibit C of the Complaint. Lastly, under factor seven,

it does not appear that Angelika Chyla and George Chyla interfere with the use of the property because they reside in Poland. Based on all the factors in *Cody*, the undersigned finds that Angelika Chyla and George Chyla hold title to the Real Property and the Parking Space as nominees of Defendant Kotzev, and that the properties are subject to Plaintiff's lien. Therefore, the undersigned recommends a finding that entry of default judgment as to Defendant Kotzev on Count I is proper and the Court order the United States to sell the properties pursuant to 28 U.S.C. § 3201(f). The Court's judgment should also preclude Defendant Kotzev from opposing the relief requested by the United States.

### ii. Count II

In the alternative to Count I, Plaintiff in Count II requests that the Court set aside the transfer of the Real Property and the Parking Space from Defendant Kotzev to Angelika Chyla and George Chyla as fraudulent as to the United States. Under Count II, Plaintiff also requests that the Real Property and the Parking Space be sold and the net proceeds distributed to Plaintiff to be applied to Defendant Kotzev's penalties. For the following reasons the undersigned recommends a finding that default judgment as to Defendant Kotzev on Count II be denied.

Section 3304 of the U.S. Code states that a transfer made by a debtor is fraudulent as to a debt to the United States, regardless of whether such debt arises before or after the transfer occurred, if the debtor makes the transfer with intent to hinder, delay, or defraud a creditor. 28 U.S.C. § 3304(b)(1). Intent is determined by a number of factors including, whether the debtor retained possession or control of the property after the transfer, and whether the transfer occurred shortly before or shortly after a substantial debt was incurred. *Id.* §§ 3304(b)(2)(B), (J); *see also Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572, 589 (4th Cir. 2015) (explaining that Virginia courts rely on "badges of fraud" to establish fraudulent intent, which includes relationship of the

parties, the grantor's insolvency, creditors' pursuit of the grantor, retention of the property by the grantor, and inadequacy of price among other things); *see e.g.*, *Mulugeta v. Ademachew*, 407 F. Supp. 3d 569, 592–93 (E.D. Va. 2019) (holding that to prevail in a fraudulent conveyance claim under Virginia law, a party must prove that "(1) a transfer was made, (2) the transfer was not supported by consideration deemed valuable in law, and (3) the transfer was done when the transferor was insolvent or the transfer rendered the transferor insolvent.") (quoting *In re Meyer*, 244 F.3d 352, 353 (4th Cir. 2001)).

Virginia Code has a similar provision which states that a gift or conveyance of any estate, real or personal is void if given with intent to delay, hinder, or defraud creditors, purchasers, or other persons who are or may be lawfully entitled. Va. Code § 55.1-401. However, § 55.1-401 does "not affect the title of a purchaser for valuable consideration, unless it appears that he has notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor." *Id.* "The court may set aside a fraudulent conveyance or voluntary transfer pursuant to § 55.1-400 or § 55.1-401, during an action brought by a creditor to execute on a judgment . . . provided that all parties who have an interest in the property subject to the transfer are given notice of the proceeding." Va. Code. § 55.1-404.

The undersigned finds that Plaintiff has proven that Defendant Kotzev made the transfer of the properties to Angelika Chyla and George Chyla with intent to delay, hinder or defraud creditors for some of the same reasons stated under the *Cody* analysis. Defendant Kotzev retained possession and control of the Real Property and the Parking Space after the December 6, 2013 transfer to Angelika Chyla and George Chyla. That transfer occurred shortly after, specifically ten months after, Defendant Kotzev received notice of the IRS summons. Other "badges of fraud" in this action are the familial relationship between Defendant Kotzev and

16

Angelika Chyla and George Chyla and the consideration paid by Angelika Chyla and George Chyla to Defendant Kotzev for the properties.

However, Plaintiff has not met their burden under Va. Code § 55.1-404 since Angelika Chyla and George Chyla have not been served with notice of this proceeding, and they may hold legal title to, and or have an interest in, the Real Property and the Parking Space. Therefore, the undersigned recommends a finding that default judgment as to Defendant Kotzev on Count II be denied.

### iii. 28 U.S.C. § 3011 and Actual Costs

Under 28 U.S.C. § 3011, the United States is entitled to recover a surcharge of 10% of the amount of the debt in connection with the recovery of the debt, in an action under subchapter B or C of the Federal Debt Collection Procedures Act. 28 U.S.C. § 3011(a). Within subchapter C of the Federal Debt Collection Procedures Act, "the court may order the United States to sell, in accordance with sections 2001 and 2002, any real property subject to a judgment lien." *Id.* § 3201(f)(1). The 10% surcharge in 28 U.S.C. § 3011 cannot be recovered if the United States receives attorney's fees in connection with the claim, or if "the law pursuant to which the action on the claim is based provides any other amount to cover such costs." *Id.* at § 3011(b).

Sections 3011(a) and 3201(f)(1) apply here because the Real Property and the Parking Space are subject to a judgment lien. Because §§ 3011(a) and 3201(f)(1) apply, the undersigned recommends a finding that the United States is entitled to recover a 10% surcharge of the amount of Defendant Kotzev's debt.

Additionally, the undersigned finds that Plaintiff is entitled to costs of this action as the prevailing party under Count I. *See* FED. R. CIV. P. 54(d)(1). Although, Plaintiff did not plead the exact amount of costs in the Complaint, the undersigned recommends a finding that Plaintiff

shall file a motion within fourteen (14) days after entry of judgment pursuant to Rule 54(d)(2), requesting the exact costs of this action.[8]

### iv. Plaintiff's Supplement Briefing

On May 10, 2019, Plaintiff filed a Supplemental Briefing in support of their Motion for Default Judgment and stated therein that because Angelika Chyla and George Chyla hold legal title to the properties and have not been served, a determination that the judgment lien attached to the properties may be premature. Dkt. No. 30 at 3. However, Plaintiff stated that they think it is appropriate for this Court to (1) enter judgment against Defendant Kotzev precluding him from opposing the relief requested in the Complaint, and (2) enter judgment against PNC Bank finding that it has no interest in the properties and precluding it from asserting an interest in the real properties. *Id.*

The undersigned finds that the Court's judgment should preclude Defendant Kotzev from opposing the relief requested by the United States but the judgment should not find that PNC Bank has no interest in the real properties. First, the judgement should preclude Defendant Kotzev from opposing the relief requested by the United States because the undersigned finds that he was properly served and that title to the properties at issue in this action are held by Defendant Kotzev, not his nominees. Second, the undersigned finds that since PNC Bank was not served, the Court may not enter judgment against PNC Bank finding that they have no interest in the properties. Therefore, the undersigned recommends a finding that Plaintiff's requests in their Supplemental Briefing be granted as to Defendant Kotzev and denied as to PNC Bank.

---

[8] *See generally Sheet Metal Workers' Nat'l Pension Fund*, No. Civ.A. 1:04CV1109, 2005 WL 1432786, at *9 (E.D. Va. June 1, 2005) ("The exact amounts for interest, costs, and attorney's fees need not be pled specifically in the [c]omplaint.").

18

## V.     RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be **GRANTED in part and DENIED in part**. The motion should be granted as to an entry of default judgment against Defendant Kotzev on Count I. The Court should order the United States to sell the properties pursuant to 28 U.S.C. § 3201(f). The Court's judgment should also preclude Defendant Kotzev from opposing the relief requested by the United States. Additionally, the judgment should award the United States the 10% surcharge under 28 U.S.C. § 3011 and costs of this action. The motion should be denied as to entry of default judgment against Defendant Kotzev on Count II. The motion should be denied as to entry of default judgment as to Defendant PNC Bank on Counts I and II, and as to all other relief requested.

## V.     NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

/s/
Ivan D. Davis
United States Magistrate Judge

February 20, 2020
Alexandria, Virginia