IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-1409 |
| ) | |
| CONSTANTIN KOTZEV, *et al.*, ) | |
| Defendants. ) | |

# ORDER

This case arises from the government's request to enforce its $1.3 million judgment lien against defendant Constantin Kotzev by foreclosing on real property that was previously titled in Kotzev's name pursuant to 28 U.S.C. § 3201(f).

It is useful to recount briefly the procedural history of this matter. On December 28, 2017, a civil judgment of approximately $1.3 million was entered against Kotzev and in favor of the government due to Kotzev's failure to report his interest in foreign accounts, in violation of 31 U.S.C. § 5314. *See* 31 U.S.C. § 5321(a)(5); *United States v. Constantin Kotzev*, No. 1:17-cv-00818, Dkt. 18, 19 (E.D. Va. Dec. 28, 2017).[1] On April 19, 2018, the government filed an abstract of the $1.3 million civil judgment against Kotzev with the Arlington County Circuit Court.

On November 14, 2018, the government filed its complaint in the instant action, seeking to enforce its $1.3 million judgment lien against Kotzev by foreclosing on real property that was previously titled in Kotzev's name pursuant to 28 U.S.C. § 3201(f). *See* Dkt. 1. The government filed the instant action against Kotzev and three other defendants—PNC Bank, Angelika Dorota

---

[1] Judgment against Kotzev in the prior civil action was entered after Kotzev defaulted. *See United States v. Constantin Kotzev*, No. 1:17-cv-00818, Dkt. 8, 18, 19 (E.D. Va. Dec. 28, 2017). In this prior civil action, Kotzev was served with the summons and the complaint in person at 3800 Fairfax Drive, Unit 1505, Arlington, VA 22203 (the "Real Property"), but Kotzev never filed an answer to the complaint or other responsive pleading.

1

Chyla and George Konstanty Chyla. The complaint alleges that PNC Bank may claim an interest in one of the real properties that is the subject of this action by virtue of a deed of trust and that Angelika Chyla and George Chyla, Kotzev's niece and nephew, may claim an interest in the subject real properties by virtue of a gift deed transfer Kotzev made to them in December 2013. The complaint seeks to foreclose on the subject real properties to satisfy the government's $1.3 million judgment lien against Kotzev under one of two theories, (i) that Angelika Chyla and George Chyla are merely nominee owners of the subject real properties (Count I), or in the alternative, (ii) that the conveyance of the subject real properties to Angelika Chyla and George Chyla should be set aside as fraudulent (Count II).

On April 15, 2019, the government filed a motion for default judgment against defendants PNC Bank and Kotzev, after summonses had been returned executed as to those two defendants and neither defendant had filed any responsive pleading. *See* Dkt. 25. The other two defendants, Angelika Chyla and George Chyla, have not been served in this action yet.[2] *See* Dkt. 26, at 1, 9; Dkts. 32-39. The government's default judgment motion was referred to the magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On May 3, 2019, the magistrate judge held a hearing on the matter, at which neither Kotzev nor PNC Bank appeared,[3] and the matter was taken under advisement. On February 20, 2020, the magistrate judge entered a

---

[2] Angelika Chyla and George Chyla reside in Poland. On April 2, 2019, the government requested that the Central Authority in Poland effect service on Angelika Chyla and George Chyla pursuant to the Hague Convention. *See* Dkt. 39, at 1. On October 3, 2019, the Central Authority in Poland responded indicating that the documents had been forwarded to the appropriate local court for service to be effected. *See id.* at 2. To date, the government has not heard if service has been completed.

[3] On June 4, 2019, Michael C. Hicks filed a letter with the Court on Caplin & Drysdale, Chartered letterhead. In the letter, Mr. Hicks claims to represent Kotzev, but Mr. Hicks has not filed a notice of appearance in this matter, and Caplin & Drysdale's website does not list Michael C. Hicks as an attorney with the firm as of March 10, 2020. *See* Caplin & Drysdale Attorney Bios, http://www.capdale.com/bios.aspx (last visited March 10, 2020). Moreover, Mr. Hick's letter is not an answer to the complaint, nor does it indicate any intention to answer the complaint. In fact, the letter states: "[t]o be clear, Mr. Kotzev is not contesting entry of default against him." Dkt. 31, at 1.

Report and Recommendation (the "Report") in this case, recommending that the government's default judgment motion be granted in part and denied in part. Specifically, the Report recommended that default judgment be entered against Kotzev on Count I of the complaint, that the government be ordered to sell the subject real properties pursuant to 28 U.S.C. §3201(f), and that the government be awarded the 10% surcharge under 28 U.S.C. § 3011 and the costs of this action. The Report also recommended that default judgment against Kotzev be denied as to Count II of the complaint and that default judgment against PNC Bank be denied as to both Count I and Count II of the complaint.

On March 5, 2020, the government filed a limited objection to the Report. First, the government requests that the Report's recommendations concerning defendant PNC Bank be found moot because of two filings made after entry of the Report, namely PNC Bank's acceptance of service and the government's partial withdrawal of its motion for default judgment. *See* Dkt. 43, 46. Second, the government "submits that it would be appropriate for this court to enter judgment at follows: judgment against Constantin Kotzev precluding him from opposing the relief requested in [the government's] complaint." Dkt. 41, at 1. This second objection to the Report, if it can accurately be called an objection, is too vague to address because it does not identify the finding or findings in the Report to which it objects.

Defendant Kotzev also filed an objection to the Report on March 5, 2020. *See* Dkt. 48. Kotzev's objection claims that Angelika and George Chyla have not been served with the complaint and therefore have not had an opportunity to present evidence of their ownership of the subject real properties. Although it is true that Angelika and George Chyla have not been served with the complaint, Kotzev's objection is meritless because it does not identify a specific objection to the Report and because it appears to assert the rights of other defendants in this action, which

3

Kotzev does not have standing to do. *See United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (objections must be specific and particularized in order to direct the attention of the district court to "only those issues that remain in dispute after the magistrate judge has made findings and recommendations").

For the reasons that follow, the magistrate judge's Report is adopted in part and modified in part in accordance with this Order, the government's objection to the Report is sustained in part and overruled in part, and defendant Kotzev's objection to the Report is overruled. In sum, the government's motion for default judgment must be denied as moot as against PNC Bank and must be denied without prejudice as against Kotzev. The government may renew their motion for default judgment against Kotzev in the event (i) it can submit authority that supports the proposition that the nominee theory applies to the enforcement of judgment liens or (ii) Angelika Chyla and George Chyla have been served in this matter.

I.

The magistrate judge's Report fully and correctly sets forth the factual history of this case. Because Kotzev has not contested any of these facts, they are deemed admitted as against Kotzev. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (a defendant in default admits the plaintiff's well-pleaded allegations of fact). Accordingly, the Court adopts as its own the facts set forth in the Report.

There are two properties at issue in this matter, namely (i) 3800 Fairfax Drive, Unit 1505, Arlington, VA 22203 (the "Real Property") and (ii) 3800 Fairfax Drive, Unit P3-51, Arlington, VA 22203 (the "Parking Space") (collectively, the "Subject Real Properties"). Kotzev acquired the Subject Real Properties in December 1998 and June 1999, respectively. In December 2013, Kotzev transferred the Subject Real Properties to Angelika and George Chyla, Kotzev's niece and

nephew, through deeds of gift. Importantly, this gift deed transfer took place *after* the Internal Revenue Service ("IRS") opened an audit of Kotzev's income tax return in 2012.[4] This IRS audit investigation eventually resulted in the government's civil judgment against Kotzev for failure to report his interest in foreign accounts, in violation of 31 U.S.C. § 5314.

## II.

Within fourteen days after being served with a copy of a magistrate judge's Report, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). If such objections are filed, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Here, the government timely filed two objections to the magistrate judge's Report, and Kotzev timely filed one objection to the magistrate judge's Report.

The objection requirement is designed to allow the district court to "focus on specific issues, not the [magistrate judge's] report as a whole." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Such a focus furthers the purpose of magistrate review, namely conserving judicial resources. *Id.* Therefore, objections must be specific and particularized in order to direct the attention of the district court to "only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *Id.* Thus, the Fourth Circuit has made clear that "[a] general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." *Tyler v. Wates*, 84 Fed. App'x. 289, 290 (4th Cir. 2003).

---

[4] In October 2012, which was sometime after Kotzev's initial IRS interview for the audit, the IRS sent Kotzev a letter indicating that the IRS had information that Kotzev had foreign accounts and giving Kotzev one more opportunity to disclose his foreign accounts. Given this additional opportunity, Kotzev still did not disclose his foreign accounts.

Accordingly, *de novo* review of the magistrate judge's Report is confined to the first objection raised by the government, namely the government's request that the Report's recommendations concerning defendant PNC Bank be found moot because of PNC Bank's and the government's subsequent filings. The government's second objection, which requests relief consistent with its motion for entry of default judgment and its supporting memoranda, does not meet the specificity requirement of Rule 72(b), Fed. R. Civ. P. *See Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by [Rule 72(b)] is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."). Kotzev's objection, which appears to be based on the rights of other defendants who have not been served, is also not accorded *de novo* review both because it is a general objection and because Kotzev does not have standing to assert the rights of other defendants.

### III.

The government objects to the Report's recommendations concerning PNC Bank. The Report recommended denial of the government's motion for default judgment against PNC Bank because service on PNC Bank was improper and therefore there was no personal jurisdiction with respect to PNC Bank. *See* Dkt. 41, at 5-6. After the Report was entered on February 20, 2020, PNC Bank filed an acknowledgement of service on March 4, 2020. *See* Dkt. 43. In this filing, PNC Bank acknowledged that service of the complaint and summons had been made pursuant to Rule 4(h), Fed. R. Civ. P., on March 4, 2020, and PNC Bank stated that it would file and serve an answer to the complaint or a motion under Rule 12, Fed. R. Civ. P., within twenty-one days of March 4, 2020, the date of service. That same day, the government filed a notice of partial withdrawal of its motion for default judgment only against PNC Bank. *See* Dkt. 46. Because of these two filings,

the government requests a finding that the Report's recommendations concerning PNC Bank have been rendered moot.

Well-settled Supreme Court authority holds that "no justiciable controversy is presented...when the question sought to be adjudicated has been mooted by subsequent developments." *Flast v. Cohen*, 392 U.S. 83, 95 (1968) (citation omitted). Here, subsequent developments, namely PNC Bank's acknowledgement of service and the government's notice of withdrawal of its motion for default judgment, have rendered moot the Report's recommendations with respect to PNC Bank. Accordingly, the government's objection to the Report is sustained in this respect.

## IV.

With respect to Kotzev, the Report concludes, based solely on the well-pleaded facts in the complaint and the exhibits attached to the complaint, that the government's $1.3 million judgment lien against Kotzev attaches to the Subject Real Properties because Angelika Chyla and George Chyla are merely nominee owners of the Subject Real Properties and therefore recommends that default judgment should be granted against Kotzev on Count I of the complaint.

Although a defaulting defendant admits the well-pleaded factual allegations in the complaint, default does not constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Id.* (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Here, the government offers no authority for the proposition that a judgment lien attaches to the real property of a nominee of a judgment debtor. Instead, the government cites to two cases

that apply the nominee theory in other statutory contexts, namely enforcement of a federal tax lien and enforcement of a criminal forfeiture action. *See Cody v. United States*, 348 F. Supp. 2d 682, 694-98 (E.D. Va. 2004) (applying the nominee theory in the enforcement of a federal tax lien pursuant to 26 U.S.C. § 6321); *In re Bryson*, 406 F.3d 284, 290-92 (discussing the nominee theory in the context of a criminal forfeiture action pursuant to 21 U.S.C. § 853). In the context of federal tax lien enforcement, it is well-settled that a taxpayer's "rights to property" under 26 U.S.C. § 6321 can include assets held by the taxpayer's nominee. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977). But the language of the judgment lien statute and the tax lien statute are distinguishable. A tax lien attaches to "all property and rights to property" belonging to the taxpayers. 26 U.S.C. § 6321. In contrast, a judgment lien attaches more narrowly to all "real property of a judgment debtor." 28 U.S.C. §3201. Because the government offers no authority for the proposition that a judgment lien attaches to the real property of a nominee of a judgment debtor and this case solely involves a judgment lien, the government's motion for default judgment against Kotzev on Count I of the complaint must be denied without prejudice. The government may renew the motion for default judgment in the event it can submit authority that supports the proposition that the nominee theory applies to the enforcement of judgment liens pursuant to 28 U.S.C. §3201.[5]

## V.

The Report also recommends that default judgment should be denied against Kotzev on Count II of the complaint because Angelika Chyla and George Chyla have not yet been served in

---

[5] It is worth noting that the only case found to date that discusses the application of the nominee theory to 28 U.S.C. § 3201 is an unpublished district court decision from the Western District of Michigan. *See United States v. DeTar*, No. 1:04-CV-749, 2009 WL 2252822, at *4 (W.D. Mich. July 28, 2009). That decision, which is not binding, determined that the nominee theory does not apply to the enforcement of judgment liens under § 3201.

this matter.[6] Specifically, the Report concludes that the well-pleaded facts in the complaint establish that Kotzev made the transfer of the Subject Real Properties with the intent to delay, hinder, or defraud creditors, but that Virginia Code § 55.1-404, which provides the authority to set aside a fraudulent conveyance, requires that "all parties who have an interest in the property subject to the conveyance or transfer are given notice of the proceeding." Va. Code § 55.1-404. The Report's findings and conclusions with respect to Count II of the complaint as to Kotzev are fully supported by the record. Accordingly, the government's motion for default judgment against Kotzev on Count II of the complaint must be denied without prejudice to the government's ability to renew the motion after Angelika Chyla and George Chyla have been served in this matter.

Accordingly,

The Court **ADOPTS**, as its own, the findings of fact of the United States Magistrate Judge, as set forth in the Report (Dkt. 41). The Report's recommendations are **ADOPTED in part** and **MODIFIED in part** in accordance with the analysis in this Order.

It is hereby **ORDERED** that plaintiff's objection to the magistrate judge's Report (Dkt. 47) is **SUSTAINED in part** and **OVERRULED in part**. Specifically, plaintiff's objection to the Report's recommendations concerning PNC Bank are **SUSTAINED**. Plaintiff's objection to the Report's recommendations regarding the relief granted are **OVERRULED**.

It is further **ORDERED** that defendant Kotzev's objection to the magistrate judge's Report (Dkt. 48) is **OVERRULED**.

It is further **ORDERED** that plaintiff's motion for default judgment (Dkt. 25) is **DENIED without prejudice**. Plaintiff's motion for default judgment with respect to PNC Bank is **DENIED as moot**. Plaintiff's motion for default judgment with respect to Kotzev is **DENIED without**

---

[6] *See* note 2 *supra.*

prejudice to the government's ability to renew the motion in the event (i) it can submit authority that supports the proposition that the nominee theory applies to the enforcement of judgment liens or (ii) Angelika Chyla and George Chyla have been served in this matter and therefore default judgment can be sought under the fraudulent conveyance theory in accordance with Va. Code § 55.1-404.

It is further **ORDERED** that defendant PNC Bank must file a motion to vacate the entry of default against it by <u>March 25, 2020 at 5 p.m.</u> In its motion to vacate entry of default, PNC Bank must describe in detail why there is good cause to provide relief from the entry of default against it pursuant to Rule 55(c), Fed. R. Civ. P. PNC Bank must also file an answer to the complaint or a motion pursuant to Rule 12, Fed. R. Civ. P., by <u>March 25, 2020 at 5 p.m.</u>

The Clerk of the Court is directed to send a copy of this Order to plaintiff and to defendants Constantin Kotzev and PNC Bank at the address(es) listed in the case file, and to any counsel of record.

Alexandria, Virginia
March 11, 2020

_____
T. S. Ellis, III
United States District Judge